PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GENEROSO RODRÍGUEZ and GERARDO QUIÑONES, Defendants and Appellants.

No. 2732.   Argued November 9, 1926.—Decided July 30, 1927.

*Dubón & Ochoteco* for the appellants.   *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Generoso Rodríguez and Gerardo Quiñones were charged with the offense of adulterating milk, as follows:

". . . on June 16, 1925, and in the northern division of the ward of Santurce which forms a part of the judicial district of San Juan, wilfully and maliciously they had and offered for sale as pure cow's milk adulterated with water."

The case was tried and a judgment of conviction was rendered against both defendants who have appealed, alleging as a first ground that the trial court committed error in not quashing the information because it had not been signed and sworn to by the district attorney before the clerk of the court on the day of the arraignment of the defendants.

It seems that the information was not signed and sworn to by the district attorney, for when the defendants moved

on that ground that the information be quashed the trial court granted leave to the prosecution to amend and remedy the defect and then the information was sworn to by the district attorney before the acting clerk of the court.

No error was committed by the trial court in granting leave to the district attorney to swear to the information and thus correct the defect of form found in it.

The second ground of the appeal is that the district attorney swore to the information before the acting clerk of the court.

The clerk of the court having resigned, the Attorney General authorized the deputy clerk to act as clerk. Section 2 of Act No. 13 of March 9, 1910, authorizes clerks of district courts to administer oaths and as the deputy clerk of the lower court was authorized by the Attorney General to act as clerk, he could administer oaths as acting clerk.

It is also alleged by the appellants that that appointment is void because it was not made by the Governor as required by law, but in answer to that it will be sufficient to say that no appointment was made to fill the office of clerk, the deputy clerk being authorized to act as clerk without filling the vacancy. The court could not be left without a clerk pending the appointment of another person to fill the vacancy, and that is the reason why the deputy clerk was authorized to act as clerk.

The third and fourth assignments of error are that the information does not specify the place where the offense was committed and that judgment was rendered by the court without jurisdiction.

The information reads that the offense was committed in the northern division of the ward of Santurce which forms part of the First Judicial District of San Juan, and this was sufficient to give jurisdiction to that court which was then composed of two divisions, north and south, separated by a dividing line running from the Governor's Palace to the Martin Peña bridge. Moreover, at the time of the trial the

two divisions had been consolidated into one district court with the same jurisdiction that the first and second divisions of that court had.

The fifth and last assignment of error refers to the insufficiency of the evidence to sustain a judgment of conviction.

According to the evidence for the prosecution, on the day referred to in the information defendant Generoso Rodríguez had and offered for sale cow's milk in a milk-stand operated under a license issued to Gerardo Quiñones and it was found that that milk was adulterated with water. The evidence for the defense tended to show that shortly before the arrival of the inspector at the milk-stand some milk had been received there which Generoso Rodríguez refused to sell because it was not good, a sample of which was taken by the inspector, while several customers who were present had to wait for nearly an hour before other milk was received at the stand. That conflicting evidence was adjusted by the trial court against the defendants and from an examination made of the evidence we find that the court committed no error.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.